case number 23-3058. United States of America v. Lafonzo Leonard Iracks appellant. Mr. Kramer for the appellant, Mr. Leonard Iracks for the plea. Mr. Kramer, we'll hear from you. Good morning, your honors, and may it please the court. I don't think there's much dispute either about the facts of the case or the law applicable. In the district court, the government pursuant to the plea agreement had agreed that no upward, not specifically, but they agreed to recommend a sentence at the bottom third of the guidelines, and they did so, recommending a sentence of 32 months. And that obviously, by implication, no upward variance, or it was specifically agreed that no departures were applicable. And the only mention of variances was that the Mr. Iracks could argue for a variance below the guidelines, whatever the court determined the guidelines were. The probation report was quite clear when it said that it had examined all the factors and that no departure was warranted and specifically said the probation has not identified any factors that would warrant a variance from the applicable guideline range. So the probation report was also quite clear. Do you believe that when you have a agreement kind of on a sentence, even at the lower end of, let's say, the higher guideline, that when the guideline goes down, that proportionately your agreement kind of stands with placing yourself in that particular area of the guideline? I don't know about in general, but in this particular case, I think it depends on the wording of the plea agreement, but the plea agreement specifically said the government agrees to recommend a sentence in the lower third of whatever the district court determines the guideline range to be. So the district court, it could have been anywhere along the line, but whatever the final determination by the district court, the government was bound to recommend a sentence in the lower third, and they did. They recommended a sentence two months above the bottom of the guideline range. How it got to the, and I recognize that the pre-sentence report in the recommendation of sentence recommended a 64-month sentence, but that, of course, was before the district court determined that the guideline range used in that report was incorrect and in a much lower guideline range applied. And how the district court transposed that 64-month sentence to then be a recommendation of an upward variance is not clear from the record. The only thing that's clear from the record is that every time we tried to call it to the district court's that that was not actually correct, the district court said no, that probation office is asking for an upward departure. At least three times it was pointed out to the district court that it was not correct. Right at the beginning of the defense allocution, after a little bit of discussion, and then at the end when the defense also said wait, there was no variance requested, as we had been saying all along, and the district court kept saying no, there was a variance requested, and it was 64 months. And even if we take that aside, though, it seems to have been some emphasis on the prior involuntary manslaughter conviction, that when the district court was comparing other sentences, when you just kind of look around the district to see, you know, how has this been handled before, there was at least some discussion, and that seemed to be kind of prompting her rationale, at least for why this particular case, that was concerning, that there was an involuntary manslaughter prior conviction. No, absolutely, but I kind of disagree with what prompted her. What seemed to prompt her was, from the very beginning, the district court said, I took note, the pre-sentence report recommends a significant departure, and I took note of that, and that went through the entire, that was at the very beginning. And then, yes, it was almost as if, well, the probation offices recommend this very large departure, and I took note of that, and now I'll tailor the sentence to justify that departure. But the facts, I'm sorry. No, I was just gonna say one thing that, I'd just like to put this on the record, I'm sure, as counsel, you know, if we were to vacate the sentence, it just goes back, and then you risk undoing all of, you know, what your potential agreement was as well. If you send it back, yes, I don't think it, all sent back for is resentencing. But that's my point, that you start over. Right. You represent the case, and there's a, there's a chance that you could be right back to the same sentence. That's true, but the district court would, at that point, have been disabused of the notion that the probation office had recommended a substantial upward departure. So, the whole point of it is, the district court was operating under an erroneous view of the facts, or a mistaken view of the facts, and yes, but if it goes back to the district court, the government will be bound by the same agreement. They'll recommend the 32 months again. The probation office will make it clear that they recommended no variance, and this could have been avoided had either the probation officer or the government said to the district court, yes, that's correct what the defense is saying to you, that there was no, there is no request for an upward variance. But, I'm looking at the transcript, and correct me if I'm wrong, at JA-127. So, the first time variance is mentioned by the district court is at JA-123. At least, I think that's the first time. The district court said, yes, they, earlier the district court had said, I'll talk about variance later. No specifics. But then, so that's first, I think that's like page six or something, then page ten of the sentencing transcript, JA-123, the district court says the probation office has recommended the sentence of 64 months. That is a variance upward. Yes. And so, then later at 127, the district court says, I don't see probation coming in here recommending such variances very often. Yes. And then the defense attorney has an opportunity to speak immediately after that. And I don't see the defense attorney say at that point, well, no, your honor, that's, you're wrong about that. The, the, the probation officer did not request an upwards variance. So, two things. Right before that is when the defense said, just before on page 127, the defense said, I'd like to start by pointing out that it was based on a 71 months. And then that's when the district court said, yeah, but I don't see it. And you're right. Nothing was said after that, but I'm not sure what would have been said. It was pointed out to the district court that the earlier statement that probation had recommended 64 months was made under the incorrect guideline range. And the district court's response was that I don't see them coming under and recommending such significant variances. I don't think there was any, it had already been said right before that, that that 64 months was not the recommend that well, that was the recommendation under an incorrect guidelines range. So I'm not sure what else could have been said at that point. There's nothing there. It was called to the district court's attention. Um, it was called to the district court's attention, um, later and the district court said the same thing. So it seems like it would have been futile at that point to say anything else. And also you're starting to ask a district court is going to be sentencing your client and you, you've already pointed out that that range is not the, that the, there is no request for a variance and that that range was the incorrect range. And then you've said that you've made your record and then the district court says, um, but I don't, Mr Kramer, I've had defense lawyers argue with me lots of times and I argued with judges lots of times when I was a defense. So take your point, but I think it only gets you so far. I mean, my district court said, said, um, well, later after the court announced that sentence, the defense lawyer said, um, you know, we received no notice of an upward variance. And then the district court said, well, your objection is noted for the record. I'd note that the probation office did recommend an upward variance. And then defense lawyers said they recommended the guidelines sentence, not an upward variance. And the court said, right. Okay. Your objection is noted for the record. And so, I mean, how are we supposed to interpret what it meant for the district court to say, right. Okay. The district court didn't say, no, you're wrong. They did request an upward variance. They said, this report said, right. So, so isn't that an acknowledgment by the district court that the probation office didn't request a couple of things? No, I think the answer is no. And a couple of things. The government has not argued that, nor did the government argued the government mentioned in their brief that on page 1 27 when the district court said, Yeah, but I don't see probation coming in here. They said in their brief that the defense said nothing after that. But they didn't argue that that meant the district court understood that the district court was incorrect, nor did they argue that changed the standard of review, nor did they make any such argument about page 1 44 when they the district court had just said, your objection is noted for the record. I'd note that they did recommend an upward variance and the district. I mean, to interpret that right. Well, and then the defense says, Well, no, that's not correct. And they say the district court says, right. Okay, that's I mean, you had to be there to hear the intonation of that. Um, it was like, Yeah, you've said this and right. Okay, but that's not an acknowledgement. The district court never acknowledged. Let me put it that way that the and said your objection is noted for the record. There would be no reason to note an objection if the district court understood that there was, in fact, no. Well, the objection that was made was that we didn't get notice that an upward variance was on the table. I mean, that was the previous objection that was made, um, at the top of that page. And so the court responded to that by saying, Well, probation requested an upward variance, and then the defense said, No, they didn't. And then the court said, right. Okay, your objection is noted for the record. Well, the objection that had been made was that you imposed upward variance without anyone giving us notice that an upward variance was on the table. So again, that issue isn't being raised on appeal, right? No. So again, no, that's correct. Again, I would still though. But you have to read the sentence again. You have to read the sentence in between there, where it says, well, they recommended a guideline sentence, right? Okay, your objection is that nor does the government argue that I would note again that that's an acknowledgment. The government, uh, the government's argument acknowledges that the district they go so far as to say incorrectly characterized it. But they never say that the district court understood that the probation office had never recommended a variance and that that the 64 month sentence was a recommendation under the, um, incorrect guideline ranks. And furthermore, I think that I don't think your honor's interpretation of it is correct. But even if it was, that doesn't change the standard of review here, where there was an objection to the incorrect, uh, district court's incorrect assumption that the probation office had incorrect fact that the probation office had recommended an upward departure. And that doesn't change the standard of review. This this little bit at the end, if anything, it reinforces that the district court had thought there was, uh, an upward departure of variance request in the precincts report and reflects that it affected the district court's sentence under call. Um, there still has to be a showing that the procedural error was prejudicial, right? Yes. And so if the district court did not cite or refer to this upward variance that the district court, let's assume we assume you're right, that the district court mistakenly believe that probation had requested an upward variance. But if the district court didn't refer to that as a reason for the upward variance, um, how do we know that that procedural error that the erroneous fact that the district court, um, had in its mind? How do we know that that really contributed to the sentence? In other words, how do you show that that's prejudicial? Well, this court's test is that the burden is on the government to show that the district court that it did not affect the government sentence. Um, and I think, um, in, uh, parks and Mac, and especially in that case called Parks, I think, was written by Judge Edwards. But, um, in a case called McElwain, 9 31 F 3rd 11 76. This court judge, then Chief Judge Carlin wrote that the government bears the burden of showing that the government that there was no error that the district court did not rely on this fact. Um, and if the party, uh, they have to, uh, persuade you that the district court would have imposed the same sentence absent the erroneous factor. And I think that the government this is the government's argument that the district court didn't mention that. But the district court began the sentencing by saying that the probation office had recommended, um, a substantial upward variance, a significant upward variance. And I took note of that. And that colored the whole sentencing that took place afterwards. And then at the end, when there was in the district court was another time, the defense said, Wait a minute. There was no upward variance recommendation. Um, then the end of the fact that there was no notice of an upward variance included the fact because the probation office, it specifically said no upward variance is warranted in this case. And the district court said, Okay, I know your objection. And then when it said, but the right. Okay, that's just a throw away line. I don't think that's an acknowledgement that there was that the district court, um, acknowledged that the probation office ever realized that the probation office had recommended this because throughout the sentencing and I don't see how you can say that the when the district court starts off its sentencing by saying this is a significant request for a variance and then gave reasons, all of which are covered in the guidelines. And it says at the end, yes, there was this argument in the probation report for significant upward variance. How that didn't you say that that sentence is certain court was aware that the range was 30 to 37 months, though you acknowledge that? Yes. Initially, the district court has set a different range lower even. But at the time, yes, yes. But at the time of the sentence being pronounced, you all were on the same page that it was 30 to 37. Yes. Okay. Yes. Then she gets the opportunity to go through the sentencing factors. Yes. And one of which included as I referenced earlier, the manslaughter conviction, which apparently was part of her rationale. And she's cited to that because even in comparing other sentences that she acknowledged, she felt like this one was different because of that, um, manslaughter conviction conviction, and it involved a gun. Yes. And a couple of things. First of all, and in her written, um, statement of reasons, she said a slight upward variance because the circumstances of the involuntary manslaughter offense in the seriousness of dealing PCP. Now the PCP is taken account of in the guidelines. Um, the manslaughter offense was actually argued by the defense is a mitigating fact. It was a gun that was not did not belong to Mr. Iraq's. It was handed to him during the filming of a music video. He thought the gun was unloaded or had blanks, and he fired the gun. And if someone was killed eerily reminiscent of a movie, she says. So, you know, firsthand the damage that guns are doing in this city. Yes, I think that's she did say that. And that's true of anybody. But at the same time, she acknowledged that there are reasons. But I just say that to a she's supporting her rationale by using the 35 53 a factors as to this defense. Yes, but that's all taken account of in guide. Well, two things. First of all, had she not been under the misconception that probation had recommended an upward variance, there's no indication that an upward variance would have been considered for those reasons. And second of all, um, in fact, that manslaughter conviction had mitigating circumstances to it. The victim's mother came in then and asked for a lenient sentence for Mr Iraq's because of that certain presenting medication. And she does not or he or she, you know, as a district judge does not have to take into account all of your arguments. You know, as Judge Wilkins says, you know, he's argument in front of the court. And then, you know, we all hear lawyers argue up in the district judge as well. But it doesn't mean that we have to accept everything you all say. We're looking at the balance of the entirety of the record and then make a decision as long as we justify it, you know, through the factors. I agree with that. You obviously don't have to. I'm well used to not having everything I argue being accepted. But did the but it has to be when you make an argument of a non frivolous argument, doesn't consider Um, well, when but the first and second, well, there is no, uh, nothing in the record where she could. She talked about another sentence at another sentencing at the beginning, but it's unclear what that was about. But when she says this makes the case difference different. She's first of all, the average sentence for these cases, she said, was 33 months in the mean sentence was 30 months. And then, but there was nothing she cited that made this different other than the manslaughter conviction. There's no evidence of how many other of these cases had a manslaughter conviction or even a murder conviction in their background. So when she said this makes it different, there was nothing to base that someone died in that offense, though. Yes, yes. Again, because not his um, given to him and he thought it was empty. Um, but yes, clearly. But there's no indication when she said that makes it different than anybody else sentenced under two K 2.1. There's no indication of how many other of those people sentenced under that guideline had a similar incident that I would ask you talked earlier about resentencing if this was to go back. Yes. What's the real legal principle that you're asking us to expound upon? Like, what's the lesson here that you would want us to give a district court judge? Lessons comes from the gall case. And in this circuit's cave, numerous cases of this circuit where the district court, um, not bases the sentence on an erroneous, but there's an erroneous, um, fact that affects sort of the district court's decision. And it's the government that has the burden to show that it did not when there's an erroneous fact upon which the district court relied. Um, and I don't mean solely relied, but that affected and in this court, like I said, said, um, they said one of the ways you can show that it didn't affect is if the district court says, um, I would impose this sentence. No, I would have imposed this sentence no matter what, whether probation recommended an upward to variants or not, I would impose this in. But the district, a couple of the court's cases have that actual length, but the district court said nothing like that. And this court has said that one way to do that is if the district court says, um, that I would have imposed the same sentence, um, in any of that. So the lesson would be the district court, uh, campaign can't rely on an erroneous fact and sentencing someone. And if they do it, it has to be keep saying that the erroneous fact in your mind is misunderstanding of what probation. Yes, that the probation office had recommended a 64 month sentence. There was a significant departure, according to the district court variance variance. I'm sorry, a significant variance, according to the district court. And they took note of that at the very beginning. So, yes, the erroneous and the government hasn't disputed that. I might add that it was that that was not correct in that the district court, um, kept saying record is clear that the district court was saying that I would have would not have done this. But for my perception of what probation is recommended, I think that's not the record really support. I don't think that's specific. Really, the thrust of your art. Well, I don't think that's specific in the record, but it's implied. But that's not the showing we have to make the showing we have to make the government has to show that it did not affect the sentence. We don't have to show not mistaken. The district court's mistake. But that's my whole point. We're going. We're going around in circles. So you're saying the record clearly shows? Well, I think the record clearly shows that it did, but it's not our bird. Well, but if you're going around in circles, you're saying the burden of the government is to show the record may show that. But that's the court did not rely on this, right? That the district court didn't, um, have that in mind when it imposed the sentence. So So what do you think? There is the best cases from from our circular Supreme Court in support of the proposition that, um, a even when the district court didn't mention that mistake of fact when pronouncing the sentence. Well, when you say pronouncing the sentence district when pronouncing the sentence, the district court says nothing other than I sentence you toe. You have to look at the whole sentencing. It's not. It's not an isolation of I sentence you to 41 months. That's pronouncing. I mean, when the district court set forth the explanation of the application of the 35 53 a fact. Well, but that was prefaced by and ended by the district courts saying this is a significant recommendation of a variance that I took note of because that's that doesn't happen very often. That prefaced the entire sentencing. And at the end, when it was pointed out that that was not correct, the district court said no, they did recommend this. So to separate that out and say that that didn't affect the sentence, I just think would be an unrealistic view. And I was psyched to your honor. Um, the Brown case 8 92 Fed 3 3 85, where the court said the government misstates the standard for prejudice. A defendant need not show that the sentence would have issued differently, but for the district, and this was a plain error case around, but for the plain error, he need demonstrate only a reasonable likelihood that the sentencing court's obvious errors affected his sentence. I think it's just impossible to say that the district court having in mind and repeating from the beginning to the end of the sentencing that there was a significant upward variance recommended by probation, um, would not have, um, a reasonably likelihood that that didn't affect the sentencing. All right. There are no other questions at this time. We'll give you some. Thank you. Thank you. Thank you. Good morning. May it please the court. Dan Lenners for the United States. The district court appears to have been under the misimpression that probation is recommended. 64 month sentence was an upward variance, but that was not procedural error because the court did not rely on that fact when imposing sentence. And I'd like to begin, if I may, by addressing Judge Wilkins questions about the burden and Mr Kramer's arguments because they're incorrect. The defense has the burden of establishing procedural error. It is a procedural error to sentence a defendant based upon erroneous facts. Therefore, the defense bears the burden of establishing that Judge Chuck can sentenced this defendant based upon erroneous facts. If Judge Chuck can did so, then the government bears the burden of proving that error was harmless. We aren't in that second box here. We're in that first box because the defendant has not shown that Judge Cut Chuck and based her sentence upon erroneous facts. She may have had an erroneous fact in her mind. She may have misunderstood the nature of probation's recommended sentence, but she didn't base her sentence upon that. And you know that by reading her recitation and discussion of the 35 53 a factors at no point in that relatively lengthy discussion, did she mention probation's recommendation at all? She focused on the defendant's specific facts and circumstances. Most significantly, the fact that he had gone to prison for six years for involuntary manslaughter that involved him killing someone with a gun. And then within 10 months of getting out of prison on that sentence and while still on supervision possessed a gun, she focused on the fact that he of all people knew the harm that guns could do. He had been shot himself and he had accidentally killed someone with a gun. And so those factors are what she based her sentence on. Not any misunderstanding of the nature. Let me ask you something about the law of sensing generally. Isn't it the case in the precedent from our court that let's suppose the defendant makes five  arguments in favor of mitigation? So they're five, you know, decent arguments for mitigation. Um, in the district court, when going through the 35 53 a factors, um, refers to, you know, three of the five and says, Well, you know, the defense has made lots of arguments in favor of mitigation, but I don't think any of them persuade me not to give an upward variance. And then the defense on appeal says, Well, the district court didn't consider those two other arguments because the district court didn't mention them when it was going through the 35 53 a factors. So they weren't considered. So we need this to be remanded for resentencing. Haven't we said on multiple occasions that just because the district court didn't explicitly, um, say something about every mitigation argument doesn't mean that it wasn't considered and refused to to remand when that grounds? Yes, this court has said that with regard to non frivolous mitigation arguments that by giving the reasons for imposing the sentence, the court has implicitly addressed and rejected and therefore considered the non frivolous mitigation arguments that the court didn't expressly discuss. And the government asks us to do that all the time. And we affirm sentences based on that all the time under the rationale that, well, we don't have to have the district court say something explicitly for us to, um, find that the district court implicitly considered. Right. So if we're going to have symmetry here, what sauce for the goose has to be sauce for the gander, doesn't it? I don't think so, Your Honor. I think here where the district court appears to have had a misunderstood fact in her mind, what the court needs to look at is the reason she gave for imposing the sentence, and those weren't even remotely related to probation office recommendation. So if they had sort of touched on or been closer to, maybe symmetry would weigh in favor of the defense's argument. One of the first things that the judge says when the sentencing starts is that this is an unusual case because probation usually doesn't request. And I think the district court said a significant upward variance, right? Not just an upward variance, but it doesn't. The district court used the word significant. Yes, Your Honor. The district court said, I don't see probation coming in here recommending such variances very often. I took note of that. But then when the court imposed sentence and gave her reasons, she made no mention whatsoever of this misimpression. But how is the law? How is our law? How is our precedent making sense? If when it benefits the government, we say, well, we can imply that the district court considered defense mitigation argument because even when the district court doesn't mention it when it, you know, goes to the 35 53 a factors because the district court gave, you know, a explanation for its sentence. And then the defense says, well, can't we imply that the district court considered this erroneous fact that it thought was significant even when it didn't mention it in its, um, 35 53 a reasoning. And then you come in and say, Oh, no, no, no. The end of sentencing after she had explained the basis for her sentence, which had nothing to do with probation's recommendation. But if Judge Chetkin is considering the upward variance because the defense says you gave him an upward variance and nobody asked for an upward variance, probation didn't ask for an upward variance. Um, and you were on proper notice when I said at the beginning of this that I was considering that and I'm giving this without regard to whether probation requested an upward variance or not, because I think it's justified for the reasons I stated and for these further reasons or whatever. Why isn't that the way that we're supposed to run the railroad? My understanding of this court's, um, and the general principles regarding objections is that an objection has to be sufficiently specific to put the court on notice as to what the defense is complaining was the error. The objection that defense raised as to a lack of notice of an upward variance did not put the court on notice that of you improperly, um, based a sentence on an upward variance when it was not, in fact, an upward variance. That's a different issue. If the defense had said with sufficient specificity to put Judge Chuck cannot notice that they think she aired by relying on an erroneous fact when imposing her sentence, she could have corrected it. That wasn't the nature of the objection here. The nature of the objection was a lack of notice coming into the hearing, and I don't think that that sufficiently alerted is a district judge allowed to very upward even when nobody has asked for an upward variance when probation doesn't ask for one and the government doesn't ask for. Yes, of course, your honor. So why couldn't the district court? Why didn't the district court just say that when it was when the objection was made that, you know, no one asked for the upward variance. Probation didn't ask. I don't know why Judge Chuck and didn't say that, your honor. I think it's fair to say that entering a sentencing hearing, all defendants are on notice that the judge very from the guidelines. I know that you don't know why she didn't say that. But my point is, is that why isn't the fact that she didn't say that significant? Because if that was the obvious response, then she would have said that. Instead, she said, Well, your objection is noted for the record. Couldn't that be construed that? Well, I disagree with you because probation did request an upward ferry. So your objections noted for the record moving on, regardless of how you interpret Judge Chuck and comments in the moment at the end of sentencing after she had explained the basis for her sentence, which had nothing to do with probation's recommendation. But if if Judge Chuck can is considering the upward variance because she thought that probation requested it, then that's the whole reason for the upward variance, or at least that's the motivating reason for the up. But for it to be procedural error, the sentence has to be based on erroneous facts, meaning the court has to say I am sentencing you to X. And one of the whole point is that Judge Chuck in this exchange might mean that Judge Chuck and is overruling the objection because she's like you got notice because probation requested a variance, and that's why I'm giving the upward variance. Instead, she could have said your objections overruled because I'm doing the variance of my own accord. I don't care what probation, whether probation requested an upward variance or not. I don't think it's fair to read this brief exchange as Judge Chuck can in any way indicating that her sentence was based on something she didn't say when giving the sentence, which is probation had recommended an upward variance. She gave extensive reasons for imposing what is a minor upward variance of four months, and they all had to do with this specific defendant, his specific circumstances, the circumstances of his prior crime, and none of them had to do with the government's recommendation, the defense recommendation, probation recommendation. It was all focused instead on the correct facts and 35 53 a factors, and that's why we don't think the defense has met its burden of showing that Judge Chuck and relied on erroneous facts when imposing that sentence. All right. Thank you. Thank you. You're on. I know you're out of time, but we'll give you a few minutes. Thank you. First of all, with respect to Judge Edward's question on page 140, uh, 145, where it says, I've already noted the defense objection to the upward variance. That doesn't give any indication that there was just a, um, that was about notice about about the variance in general. I mean, the government's picking and choosing specific words, and this is says to the upward variance in general. It doesn't say anything about the notice. Um, so I think that that further supports our argument. And I would just say that, um, in McElwain, this court said the party defending the sentence must persuade the court of appeals. The district court would have imposed the same factor. But this doesn't help me understand that you raised precise objection, raised an objection clearly on this record to the variance. But I don't see an objection by the defense to the alleged to the district court, allegedly relying on probation in reaching the sentence. Where is that objection? Well, I mean, what the district court may have been doing here is in light of the case laws protecting yourself, uh, in that respect and saying anything else you want to raise here. And at that moment, I could read that to be. That's an invitation. If you think there was an objection to raise here with respect to the district or relying, not relying on probation as justification for the variance, that's when you would have said it. That's what the district court judges are doing a lot now. It's like, and in light of our case law, they're saying, Okay, anything else put on the table? You know what I'm doing? And even here, you're not saying defense counsel is not saying, Wait, wait, wait, you are relying mistakenly on a mistaken fact that that had been that I'm sorry. I thought the prior objection was the variance. The one, as you say, generally, there was. Well, there was an object. It was not correct about the 64 month sentence. But now we're moving on. I understand all that, and I understand why that would cause you to raise this on appeal. But then the district court then goes on to explain why I am indulging a variance in this case, and it does not include anything about what probation's recommendation was. Well, but the district judge, um, had started out saying, Wow, this is unusual. Probation had a lot to say, but never goes on to say. In light of that, I'm really inclined to buy that. That's not what happened. Well, I think the whole sentencing was in light of that, um, starting off a sentencing by saying probation's come in and recommended a significant variance, which I don't see very often. And I didn't know the case law to put a burden on you to be a little clearer in an objection of this sort so that we could avoid these more at the often get at the sentencing as to who did what and why. And we're trying to say, make it clear in the district court here is trying to protect herself by saying, Okay, you generally objected the variance. I get it not to my relying on probation, the variance, which is the way I read the record and district court says anything else. You don't say wait and then go on to say our defense counsel doesn't go on to say no. Wait. What we really mean to say is you are relying on probation's mistaken assumption about what probation recommended, and that's wrong. Your honor. Well, every time the district court mentioned it, we said that's not correct. But that has nothing to do with the district court. When the district would then summarized reasons or the sentence, it did not include that. Well, well, first of all, I it does because it's certainly not explicit. I think that's a district court judge, and that's really compelling to me. I can't imagine not saying it. Well, the district court said it at the very beginning. What started saying, Wow, this is this is weird. And you objected. You say that's that's not that's really not a fact. And then the district court goes on to explain why I am sentencing with a variance, and it does not include because probation recommended it. But that that's the underpinning of the entire sentencing. I know we're arguing back and forth. I understand. I don't see how you separated out when the when the court said in McElwain, unless the government persuades the court of appeals that the district court would have imposed the same sentence. The district court did not itself give any, uh, any indication of non reliance. I think if the district court had said, regardless of the probation officer's recommendation, the way I'm thinking about it, Mr. Frank, we've been doing this so many years now. In my my my view of this is at the end, the district court giving is giving you your opening pursuant to our case law. Say anything else or explain why I'm and if your view as defense counsel is no, no, no, no. Wait, your real reason is and that's wrong. That fact is wrong. And we want to make sure that's on the record. You didn't do that. Well, I don't. I disagree, obviously, but but disagree with the obligation to have these for these reasons. Three times we tried to tell the district court was mistaken. Every time the district court said no, they did recommend. And then the district court goes on to explain the reasons for the sentence, and they do not include because probation. We're relying on a fact regarding probation. That's wrong. I'm relying on fact from probation. It's not to be wrong. And even at that point, even at just the page before that, we had said they recommended a guideline range and it went in guideline sentence. It wasn't an upward variance. And there's this throwaway line, right? Okay, that I think is open to various interpretations. And but it says your objection is noted. Why would the district court have noted our of the motion that the probation office had recommended? And then at the next page, they say, I've already noted your objection to the upward variance. Why would we say anything again? It's the district court has just said it's on the first of all, every time we've said something, we've been rebuffed and told that they did recommend the variance. And then at the end, they say, once a district court says your objection is noted to the upward variance, not to once there's nothing else to put on the record. We've been assured by the district court that our objections on the record. I got it. I understand what your arguments. I understand both. All right. Thank you. Thank you. Take the case under advised.
judges: Wilkins, Childs, Edwards